UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| YAROSLAV CHURUK, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 23-4258 (RBK) (SAK) |
| | : | |
| v. | : | |
| | : | |
| LIEUTENANT HAMPTON, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I. INTRODUCTION

Plaintiff, Yaroslav Churuk ("Plaintiff" or "Churuk"), is a federal prisoner currently incarcerated at F.C.I. Danbury, in Danbury, Connecticut. He is proceeding pro se with a civil complaint dated July 28, 2023. (*See* ECF 1). The events giving rise to Plaintiff's complaint occurred while he was incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey in 2021. (*See id.* at 2). Previously, this Court granted Plaintiff's application to proceed in forma pauperis. (*See* ECF 4). Plaintiff has also filed two pending motions for the appointment of pro bono counsel. (*See* ECF 3 & 5).

In addition to deciding Plaintiff's two outstanding motions for the appointment of pro bono counsel, this Court must screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or whether Plaintiff seeks monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint shall proceed in part. Plaintiff's excessive force claims against Defendants Marcucci, Santiago, Meredith and Brath shall proceed. Plaintiff's Federal Tort Claims Act ("FTCA") claim against

the United States shall proceed. Plaintiff's claims against Defendants Torres and C. Atkinson are dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's access to courts claim is also dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's retaliation claim against Defendant Hampton is dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's motions for the appointment of pro bono counsel are denied without prejudice.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names the following Defendants in his complaint:

1. Lieutenant Hampton;
2. Lieutenant Torres;
3. Lieutenant C. Atkinson;
4. Lieutenant Marcucci;
5. Lieutenant Santiago;
6. Lieutenant Brath;
7. Officer S. Meredith; and
8. United States of America.

(*See* ECF 1 at 1, 2-3).

Plaintiff filed a counseled motion to vacate, set aside or correct his federal criminal sentence pursuant to 28 U.S.C. § 2255 on June 10, 2021 in the United States District Court for the Eastern District of Pennsylvania. (*See* E.D. Pa. Crim. No. 10-159, ECF 794). On June 19, 2021, Plaintiff received an incident report because he purportedly sat at an improper table while in the medical department at F.C.I. Fort Dix. (*See* ECF 1 at 3). Plaintiff alleges Defendant

Hampton told him that he was placing him in the Special Housing Unit ("SHU") on purpose, but that normally inmates do not go to the SHU for that charged offense. (*See id.*).

On June 30, 2021, Defendants Marcucci and Santiago escorted Plaintiff back from the medical department to the SHU. (*See id.*). Plaintiff had just returned from a seven-day stay at the hospital and was quite weak. (*See id.*). Plaintiff requested the use of a wheelchair, but, instead, Defendants Marcucci and Santiago placed Plaintiff in handcuffs and dragged Plaintiff back to the SHU over rough asphalt without any shoes or socks. (*See id.*). Plaintiff complained to the two officers that he was pain to no avail. (*See id.*).

While back in the SHU, Plaintiff was subsequently issued three incident reports for failure to stand despite being medically unable to stand. (*See id.*). Plaintiff then began a hunger strike. (*See id.* at 3-4).

On July 9, 2021, Defendant Meredith and a John Doe officer escorted Plaintiff to the medical department. (*See id.* at 4). Defendant Meredith struck Plaintiff with a closed fist multiple times to his face, side, back and kidneys and then shoved Plaintiff into a chair in the medical department. (*See id.*).

On July 14, 2021, Plaintiff fell in his cell after experiencing weakness and was bleeding. (*See id.*). Defendant Marcucci and a John Doe officer escorted Plaintiff to the medical department for an EKG. (*See id.*). The EKG tabs did not stick to Plaintiff's skin. (*See id.*). Plaintiff states that Defendant Marcucci then struck Plaintiff in the chest and other areas to make his skin more tender so that the tabs would stick. (*See id.*)

In November 2021, Plaintiff was in the Health Services Building on suicide watch when he refused medication because he had had no food and was weak due to his hunger strike. (*See id.*). Defendant Brath grabbed Plaintiff and began striking Plaintiff with his knee multiple times

3

in his lower back and spine while Plaintiff was laying down. (*See id.*). Plaintiff now experiences constant pain in his side, spine and back. (*See id.*).

Plaintiff brings four claims for relief. First, Plaintiff asserts a claim for excessive use of force. (*See id.* at 5). Second, Plaintiff brings an access to courts claim. (*See id.* at 6). More specifically, he claims that while he was placed in the SHU, he could not study his § 2255 motion and could not contact his attorney which led to his unsuccessful § 2255 motion. (*See* ECF 1 at 5). Third, Plaintiff alleges that he suffered retaliation for filing a § 2255 motion by being placed in the SHU. (*See* ECF 1 at 6-7). Finally, Plaintiff brings a claim under the FTCA against the United States. (*See* ECF 1 at 1). Plaintiff seeks monetary damages as relief for his claims. (*See id.* at 7).

### III.  LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to sua sponte dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive a court's screening for failure to state a claim, the complaint must allege sufficient factual matter to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV.   DISCUSSION

### A. Claims Against Defendants Torres and C. Atkinson

Plaintiff names Lieutenants Torres and C. Atkinson as Defendants in his complaint. (*See* ECF 1 at 1). Besides though naming them as Lieutenants at F.C.I. Fort Dix, Plaintiff fails to make any specific factual allegations against either of these two Defendants in the facts section of his complaint.

As these two Defendants are federal employees, Plaintiff's claims are brought under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "In order to state a claim under *Bivens*, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was

caused by an official acting under color of federal law." *Doty v. United States*, Civ. No. 15-3016, 2016 WL 3398579, at *6 (D. N.J. June 15, 2016) (citations omitted).

"In order for liability to attach under [*Bivens*], a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard*, 532 F. App'x 78, 81 (3d Cir. 2013) (citing *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted); *see also Iqbal*, 556 U.S. at 676 (stating that respondeat superior cannot form the basis of a *Bivens* claim).

Plaintiff fails to state with the required facial plausibility any personal involvement whatsoever with respect to Defendants Torres and C. Atkinson in a purported violation of Plaintiff's constitutional rights. Indeed, no relevant factual allegations are mentioned in the complaint against either of these two Defendants. Therefore, Plaintiff's claims against these two Defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted.

B. <u>Excessive Force Claims Against Defendants Marcucci, Santiago, Meredith & Brath</u>

Plaintiff next brings excessive force claims against Defendants Marcucci and Santiago for an incident occurring on June 30, 2021, Defendant Meredith for an incident occurring on July 9, 2021, Defendant Marcucci for an incident occurring on July 14, 2021 and Defendant Brath for an incident occurring in November 2021, as described in *supra* Part II.

The Eighth Amendment protects inmates from the "unnecessary and wanton infliction of pain[.]" *Whitley v. Albers*, 475 U.S. 312, 320 (1986). "In an excessive force claim, the central question is 'whether force was applied in a good-faith effort to maintain or restore discipline, or

6

maliciously and sadistically to cause harm.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Hudson v. McMillian*, 502 U.S. 1, 7 (1992)); *see also Conlin v. Hale*, 680 F. App'x 120, 122 (3d Cir. 2017).

There are sufficient facts in the complaint to permit Plaintiff's excessive force claims to proceed against these four Defendants at this early screening stage. Nevertheless, based on the facts alleged with respect to the distinct and separate incidents of the purported use of excessive force against Plaintiff, two additional points deserve a brief discussion.

First, as previously noted, Plaintiff's complaint is dated July 28, 2023. (*See* ECF 1 at 7). The statute of limitations for *Bivens* claims is taken from the forum state's personal injury statute. *See Hughes v. Knieblher*, 341 F. App'x 749, 752 (3d Cir. 2009). New Jersey's statute of limitations for personal injury causes of action is two years. *See* N.J. Stat. Ann. § 2A:14-2. Plaintiff's excessive force claims would typically begin to accrue for statute of limitations purposes when the date of the assault occurred. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (excessive force claim typically accrues on the date of the assault because at that point plaintiff has reason to know of the injury). Thus, at least facially, there may be potential statute of limitations issues with respect to Plaintiff's excessive force claims that accrued prior to July, 28, 2021 (or more than two years prior to the date of Plaintiff's complaint). However, this Court is mindful that Plaintiff also states in his complaint that he has filed many administrative remedies on the claims in his complaint. (*See* ECF 1 at 1). The statute of limitations is tolled while a prisoner pursues administrative remedies. *See Wisniewski v. Fisher*, 857 F.3d 152, 158 (3d Cir. 2017) (citing *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015)).

Some of Plaintiff's excessive force claims presumably accrued more than two years prior to when Plaintiff filed his complaint. However, given Plaintiff states that he also filed administrative remedies, this Court is not inclined to dismiss Plaintiff's excessive force claims that occurred prior to July 28, 2021 as untimely at screening.

Second, this Court notes that the United States Supreme Court has only extended *Bivens* to a few limited constitutional violations. *See, e.g.*, *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017). At this early screening stage, however, this Court expresses no opinion on whether Plaintiff can proceed thru *Bivens* against these four individual Defendants for their purported use of excessive force.

C. Access to Courts Claim

Plaintiff next asserts that he was denied his right to access the courts. (*See* ECF 1 at 6). More specifically, Plaintiff claims he was denied access to mail and legal work and that he was not allowed to call his lawyer for periods of time while in the SHU. (*See id.*). This caused his § 2255 motion to be denied. (*See* ECF 1 at 6).

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415, (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must

describe the 'lost remedy.'" *Id.* at 205–06 (footnote omitted) (citing *Christopher*, 536 U.S. at 416–17).

Plaintiff fails to state an access to court claim for two reasons. First, he fails to state with any facial plausibility which of the named Defendants were personally involved in preventing him from accessing the courts while in the SHU. Second, while Plaintiff alludes generally to his § 2255 motion being denied, he fails to state with any facial plausibility that he lost the ability to pursue a nonfrivolous or arguable claim within that § 2255 motion. Accordingly, Plaintiff's access to courts claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.[1]

D. Retaliation

Next, Plaintiff alleges he suffered retaliation by being placed in the SHU because he filed a § 2255 motion. (*See* ECF 1 at 6-7). This Court presumes this claim is being raised only against Defendant Hampton who purportedly was the one responsible for placing Plaintiff in the SHU as alleged in the complaint. (*See* ECF 1 at 3).

"A prisoner alleging retaliation must show: (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal connection between the exercise of his constitutional rights and the adverse action taken against him." *Mack v. Yost*, 427 F. App'x 70, 72 (3d Cir. 2011) (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).

Pre-*Ziglar*, the United States Court of Appeals for the Third Circuit implied a *Bivens* remedy for an inmate's claim a prison official retaliated against him for exercising his First

---

[1] Because Plaintiff has clearly failed to state an access to courts claim based on the allegations in the complaint, this Court need not analyze whether such a claim under *Bivens* can proceed post-*Ziglar*.

Amendment rights. *See Mack v. Warden Loretto FCI*, 839 F.3d 286, 297 (3d Cir. 2016). However, post-*Ziglar*, the United States Supreme Court has made it clear that "there is no *Bivens* action for First Amendment retaliation." *Egbert v. Boule*, 596 U.S. 482, 498-99 (2022); *see also Bistrian v. Levi*, 912 F.3d 79, 96 (3d Cir. 2018) ("[T]he retaliation claim is not a recognized *Bivens* remedy[.]"). Thus, Plaintiff's retaliation claim against Defendant Hampton is dismissed with prejudice for failure to state a claim upon which relief may be granted.

   E.  FTCA Claim

Finally, Plaintiff brings a claim against the United States under the FTCA. "The FTCA operates as a limited waiver of the United States's sovereign immunity." *White–Squire v. United States Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010) (citation omitted). Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. An incarcerated FTCA plaintiff may sue only the United States, may seek only monetary damages, and may not recover for mental or emotional damages in the absence of physical injury. *See* 28 U.S.C. § 1346(b)(1)–(2) (providing jurisdiction for "civil actions on claims against the United States, for money damages" and providing that incarcerated felons may not bring actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA.").

A plaintiff suing under the FTCA must present the offending agency with notice of the claim, including a "sum certain" demand for monetary damages. *See White–Squire*, 592 F.3d at 457. "Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional." *Id.* (citing *United*

*States v. Sherwood*, 312 U.S. 584, 587 (1941)). These requirements cannot be waived. *See id.* (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)).

Under the FTCA:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). A plaintiff must satisfy both provisions of § 2401(b) for an FTCA complaint to be timely. *See Seiss v. United States*, 792 F. Supp. 2d 729, 732 (D.N.J. 2011) (collecting cases and finding that both provisions of § 2401(b) must be satisfied for an FTCA complaint to be timely); *see also Martinez v. United States Postal Service*, No. 15–8545, 2016 WL 6892074, at *3 (D.N.J. Nov. 22, 2016); *David v. United States*, No. 08–5296, 2009 WL 1108852, at *2 (E.D. Pa. Apr. 24, 2009); *Campbell v. United States*, No. 03–0545, 2004 WL 609319, at *1 (D. Del. Mar. 23, 2004). Thus, to bring a timely FTCA claim, Plaintiff had to file a claim with the appropriate federal agency within two years of the accrual of his claim *and* within six months of when his claim was denied by the agency. "An FTCA claim accrues when the party knows of his injury and its cause." *Smalis v. United States*, No. 11–0083, 2011 WL 2672016, at *4 (W.D. Pa. July 8, 2011) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979); *Hall v. Admin. Office of the United States Courts*, 496 F. Supp. 2d 203, 206 (D.C. Cir. 2007)).

Plaintiff alleges that he brought an administrative claim against the United States on August 28, 2022, but received no reply. Plaintiff's FTCA claim against the United States is timely based on these allegations. Plaintiff filed his administrative claim within two years of its accrual and, then, after not receiving a response, filed this complaint within six months after his

administrative claim purportedly became final. *See* 28 U.S.C. 2675(a) (stating that a failure of an agency to make a final disposition of a claim within six months shall be deemed as a final denial of that claim). Accordingly, Plaintiff's FTCA claim against the United States shall proceed past screening.

V.     **MOTIONS TO APPOINT PRO BONO COUNSEL**

Plaintiff has filed two motions to appoint pro bono counsel. (*See* ECF 3 & 5). Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). To appoint pro bono counsel, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Furthermore, in determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144–45 (3d Cir. 2011) (reiterating the *Tabron* factors). Additionally, the power to grant appointment of counsel lies solely with the discretion of this Court. *See Tabron*, 6 F.3d at 155.

Upon analyzing these factors, this Court will deny Plaintiff's motions to appoint pro bono counsel without prejudice at this time. For example, this case does not seem necessarily complex. Plaintiff should be able to pursue this case on his own, at least at this early screening stage. If, however, circumstances change, Plaintiff may file another motion to appoint pro bono counsel for reconsideration anew.

## VI.     CONCLUSION

For the foregoing reasons, Plaintiff's complaint shall proceed in part. Plaintiff's excessive force claims against Defendants Marcucci, Santiago, Meredith and Brath shall proceed. Plaintiff's FTCA claim against the United States shall proceed. Plaintiff's claims against Defendants Torres and C. Atkinson are dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's access to courts claim is dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's retaliation claim against Defendant Hampton is dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's motions for the appointment of pro bono counsel are denied without prejudice. An appropriate order will be entered.

DATED: March 15, 2024                                                                          s/ Robert B. Kugler
                                                                                                                    ROBERT B. KUGLER
                                                                                                                    United States District Judge