**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Chambers of<br>**André M. Espinosa**<br>United States Magistrate Judge | Martin Luther King Jr. Federal<br>Bldg. & U.S. Courthouse<br>50 Walnut Street, Room 2037<br>Newark, NJ 07102<br>(973) 645-3827 |

December 12, 2024

To:  Yaroslav Churuk, Pro Se
     69378066
     Danbury Federal Correctional Institution
     33-1/2 Pembroke Station
     Danbury, Connecticut 06811

     All counsel of record

**LETTER OPINION AND ORDER**

RE:  **Yaroslav Churuk v. Lieutenant Hampton, et al.**
     **Civil Action No. 23-04258 (CCC)(AME)**

Dear Litigants:

The Court has received the November 12, 2024 letter by Plaintiff Yaroslav Churuk ("Plaintiff") seeking a 30-day extension of an unspecified deadline in this action [D.E. 23]; the November 20, 2024 letter from Plaintiff seeking another 30-day extension of that unspecified deadline [D.E. 25]; and the November 24, 2024 letter from Plaintiff seeking a 90-day extension of time to reply to Defendants' motion to dismiss [D.E. 24]. The November 24 letter also requests this Court appoint pro bono counsel "based on the changed circumstances and the fact that [Plaintiff] does not speak English and it would be impossible for [Plaintiff] to access the Courts." [*See id.*]

Because Plaintiff is incarcerated and asserts he is currently housed in the Special Housing Unit without access to the law library or his jailhouse lawyer, and for good cause shown, Plaintiff's request for an extension of time to file a reply to Defendants' motion to dismiss is **GRANTED** in part [D.E. 24]. The deadline for Plaintiff to file a reply to Defendants' motion to dismiss shall be extended by 60 days from the date of this Order and is now **February 10, 2025**.

1

As for Plaintiff's request that this Court appoint pro bono counsel, [D.E. 24], "[c]ourts liberally construe documents filed by pro se plaintiffs, and hold the filings to less stringent standards than those drafted by attorneys." *Wallwork v. Horizon Blue Cross*, No. 16-7095, 2017 WL 3208350, at *2 (D.N.J. July 27, 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even in light of this relaxed standard, however, Plaintiff's November 24 letter cannot be fairly construed as a motion seeking appointment of pro bono counsel because the letter fails to even minimally comply with the Local Civil Rules of the United States District Court for the District of New Jersey, which establish the parameters for motion practice and briefing.

Under Local Civil Rule 7.1(d)(1), "[n]o application will be heard" unless the movant files "a brief, prepared in accordance with Local Civil Rule 7.2," or, if the movant believes no brief is necessary, then the movant may file "a statement that no brief is necessary and the reasons therefor" under Local Civil Rule 7.1(d)(4). Plaintiff must file a motion that specifies the relief he requests. He must support such motion with a brief that anchors his request in controlling law, and he must support that brief with relevant facts to show the applicable legal standard is satisfied. Here, Plaintiff's one-page letter cites no case law, identifies no applicable legal standard, nor does it apply any facts to law to support his request for appointment of pro bono counsel. The Court cannot and does not construe Plaintiff's letter as a proper motion.

Plaintiff's request that this Court appoint pro bono counsel is therefore **DENIED** [D.E. 24].

The Clerk of Court shall deliver a copy of this Order to Plaintiff at his address on the docket.

**IT IS SO ORDERED.**

                                         */s/ André M. Espinosa*
                                         ANDRÉ M. ESPINOSA
                                         UNITED STATES MAGISTRATE JUDGE